## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 15 |
| THE ALDO GROUP INC., | |
| Debtor in a Foreign Proceeding. | Case No. 20-11060 (KBO) |
| In re | Chapter 15 |
| SOUTHWEST CAPITAL HOLDINGS INC., | |
| Debtor in a Foreign Proceeding. | Case No. 20-11061 (KBO) |
| In re | Chapter 15 |
| ALDO U.S. INC., | |
| Debtor in a Foreign Proceeding. | Case No. 20-11062 (KBO) |
| In re | Chapter 15 |
| ALDO MARKETING LLC, | |
| Debtor in a Foreign Proceeding. | Case No. 20-11063 (KBO) |
| In re | Chapter 15 |
| ALDO SHOES WEST FORTY SECOND, LLC, | |
| Debtor in a Foreign Proceeding. | Case No. 20-11064 (KBO) |
| In re | Chapter 15 |
| ALDO 1125 THIRD AVE. CORP., | |
| Debtor in a Foreign Proceeding. | Case No. 20-11065 (KBO) |

| | |
|---|---|
| In re | Chapter 15 |
| ALDO 5th AVE. INC., | |
| Debtor in a Foreign Proceeding. | Case No. 20-11066 (KBO) |
| In re | Chapter 15 |
| ALDO 250 WEST 125 INC., | |
| Debtor in a Foreign Proceeding. | Case No. 20-11067 (KBO) |
| In re | Chapter 15 |
| 1230 AVENUE OF THE AMERICAS LLC, | |
| Debtor in a Foreign Proceeding. | Case No. 20-11068 (KBO) |

**MOTION OF AUTHORIZED**
**FOREIGN REPRESENTATIVE FOR ORDER DIRECTING JOINT**
**ADMINISTRATION OF CHAPTER 15 CASES AND RELATED RELIEF**

The Aldo Group Inc., in its capacity as the Canadian Court-appointed and authorized foreign representative (the "Foreign Representative") for the above-captioned debtors (collectively, the "Debtors"), in the Canadian proceedings (the "CCAA Proceedings") commenced under the Companies' Creditors Arrangement Act (the "CCAA"), pending before the Superior Court, Commercial Division, in and for the Judicial District of Montreal, Canada (the "Canadian Court"), respectfully submits this motion (the "Motion") to this Court for entry of an order, substantially in the form attached as **Exhibit A**, (i) authorizing and directing the joint administration of the above-captioned chapter 15 cases (the "Chapter 15 Cases") for procedural purposes only pursuant to Section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); (ii) authorizing the Foreign Representative to file a consolidated list of foreign proceeding administrators pursuant to Bankruptcy Rule 1007(a)(4), substantially in the form attached as **Exhibit B** (the "Consolidated 1007(a)(4) List") and maintain with the Foreign Representative's Noticing Agent (defined below) a consolidated list, available to parties in interest upon request, of (a) the parties to litigation pending in the United States involving any of the Debtors and (b) all persons and entities against whom the Foreign Representative seeks provisional relief pursuant to section 1519 of the Bankruptcy Code; and (iii) granting related relief.

In support of this Motion, the Foreign Representative relies upon the *Declaration of David Galarneau in Support of the Debtors' Chapter 15 Petitions and First Day Pleadings in Foreign Proceedings* (the "Galarneau Declaration") filed concurrently herewith and incorporated herein by reference.  In further support of the relief requested herein, the Foreign Representative respectfully states as follows:

## RELIEF REQUESTED

1.      By this Motion, the Foreign Representative respectfully requests entry of an order authorizing and directing the joint administration of the Chapter 15 Cases for procedural purposes only.

2.      The Foreign Representative also requests that the caption of the Chapter 15 Cases be modified to reflect the joint administration of such cases, substantially as follows (including the accompanying footnote as follows):

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 15 |
| The Aldo Group Inc., *et al.*[1] | Case No. 20-11060 (KBO) |
| Debtors in Foreign Proceedings. | Jointly Administered |

[1]  The Debtors in these chapter 15 cases and the last four digits of their U.S. Federal Employer Identification Numbers or other unique identifier are as follows: The Aldo Group Inc. (2186); Southwest Capital Holdings Inc. (8248); Aldo U.S. Inc. (6704); Aldo Marketing LLC (1748); Aldo Shoes West Forty Second, LLC (2610); Aldo 1125 Third Ave. Corp. (2110); Aldo 5th Ave. Inc. (2112); Aldo 250 West 125 Inc. (2324); and 1230 Avenue of the Americas LLC (6704). The Debtors' principal offices are located at 2300 rue Émile-Bélanger, Montréal, Canada H4R 3J4.

3.      The Foreign Representative requests that the Court find that the proposed caption satisfies the requirements of section 342(c)(1) of the Bankruptcy Code.

4.      In addition, the Foreign Representative requests the Court to authorize and direct that the following notation be entered on the docket for each of the Debtors' Chapter 15 Cases, except in the case of The Aldo Group Inc., to reflect the joint administration of these Chapter 15 Cases:

> An order has been entered in this case directing the joint administration of the chapter 15 cases of The Aldo Group Inc. (2186), Southwest Capital Holdings Inc. (8248), Aldo U.S. Inc. (6704), Aldo Marketing LLC (1748), Aldo Shoes West Forty Second, LLC (2610), Aldo 1125 Third Ave. Corp. (2110), Aldo 5th Ave. Inc. (2112), Aldo 250 West 125 Inc. (2324), 1230 Avenue of the Americas LLC (6704). The docket in Case No. 20-11060 (KBO) should be consulted for all matters affecting this case.

5.      Further, the Foreign Representative requests that the Court authorize the Foreign Representative to file the Consolidated 1007(a)(4) List of foreign proceeding administrators and maintain with the Foreign Representative's Noticing Agent a consolidated list of (a) the parties to litigation pending in the United States involving any of the Debtors and (b) all persons and

entities against whom the Foreign Representative seeks provisional relief pursuant to section 1519 of the Bankruptcy Code, to be available to the Debtors' creditors and parties in interest upon request. The Foreign Representative also requests that combined notices may be sent to the Debtors' creditors and other parties in interest where appropriate.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. Recognition of a foreign proceeding and other matters under chapter 15 of the Bankruptcy Code are core matters under 28 U.S.C. § 157(b)(2)(P).

7.     The Foreign Representative, solely in its capacity as such, consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

8.     Venue is proper in this Court and this District pursuant to 28 U.S.C. § 1410.

9.     The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, along with Bankruptcy Rule 1015(b) and Local Rule 1015-1.

## BACKGROUND

10.     On May 7, 2020, the Debtors filed petitions under the CCAA to commence restructuring proceedings under the supervision of the Canadian Court. The same day, the Canadian Court entered an initial order (the "Initial Order") appointing Ernst & Young, Inc. as monitor of the Debtors and authorizing The Aldo Group Inc. to act as Foreign Representative of the Debtors.

11.     On the date hereof (the "Petition Date"), the Foreign Representative filed petitions under chapter 15 of the Bankruptcy Code for recognition of the CCAA Proceedings, thereby commencing the Debtors' Chapter 15 Cases.

12.     The Foreign Representative has retained Epiq Corporate Restructuring, LLC to act as its noticing agent (the "Noticing Agent") in these Chapter 15 Cases. The Noticing Agent maintains the following website: https://dm.epiq11.com/aldo to provide the public with information about these cases.

13.     Additional information about the Debtors' business and operations, the events leading up to the Petition Date, and the facts and circumstances surrounding the CCAA Proceedings and the Chapter 15 Cases can be found in the Galarneau Declaration.

## BASIS FOR RELIEF REQUESTED

14.     Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order joint administration of the cases.  The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code.  In particular, all of the Debtors are under 100% direct or indirect common ownership and control.

15.     Additionally, Local Rule 1015-1 provides that this Court may order joint administration without notice or a hearing upon the filing of a motion requesting such joint administration and an affidavit or verification establishing that joint administration is warranted and will ease the administrative burden for the Court and the parties.

16.     The Galarneau Declaration establishes that joint administration of the Chapter 15 Cases is warranted because: (i) the Debtors are under 100% direct or indirect common ownership and control and are therefore affiliates under section 101(2) of the Bankruptcy Code;

(ii) the Debtors' financial affairs and business operations are closely related, and (iii) it will ease the administrative burden of such cases on the Court and parties in interest.

17.    The Foreign Representative anticipates that the various notices, motions, hearings, orders and other pleadings in the Chapter 15 Cases will affect all of the Debtors.  With nine (9) affiliated Debtors, each with its own chapter 15 case docket, not jointly administering the Chapter 15 Cases would result in numerous duplicative pleadings filed for each issue and served upon separate service lists.  Such duplication of substantially identical documents would be wasteful and would unnecessarily burden the Clerk of this Court (the "Clerk").

18.    Joint administration will permit the Clerk to use a single docket for all of the Debtors' Chapter 15 Cases and to combine notices to creditors and other parties in interest of the respective Debtors.  Joint administration also will protect parties in interest in these Chapter 15 Cases by ensuring that parties and the Foreign Representative will stay apprised of the various matters before the Court in all of the cases.  The Foreign Representative submits that use of the simplified caption, in the form set forth above, by all parties in interest will eliminate cumbersome and confusing procedures and ensure uniformity of pleading identification.

19.    The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of the Chapter 15 Cases inasmuch as the relief sought herein is purely procedural and not intended to affect substantive rights.  Each creditor and party in interest will maintain whatever rights it has against the particular Debtor(s) in which it allegedly has a claim or right.  Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration.  The Court and the Clerk also will be relieved of the burden of entering duplicative orders and keeping duplicative files, and

supervision of the administrative aspects of these cases by the Office of the United States Trustee will be simplified.

20.     Additionally, maintaining a consolidated list under Bankruptcy Rule 1007(a)(4) is appropriate in these cases.  As the provisional and final relief sought in each of these cases is substantially identical, and any additional relief sought is likely to impact most or all of the Debtors, the Foreign Representative anticipates that most, if not all, motions, notices, hearings, orders and other papers filed in these cases will affect most or all of the Debtors.  Under these circumstances, filing and maintain separate lists under Bankruptcy Rule 1007(a)(4) would result in unnecessary confusion and wasteful duplication of effort and service.  Moreover, in light of the volume of the several thousand creditors and parties in interest on the Consolidated 1007(a)(4) List, the Foreign Representative requests authority to maintain the Consolidated 1007(a)(4) List with its Noticing Agent, who will provide the list to creditors and parties in interest upon request.

## NOTICE

21.     The Foreign Representative requests that the Court grant this Motion without notice.  The Foreign Representative will serve notice of entry of the order in accordance with the procedures set forth in the *Motion of Foreign Representative for Entry of Order Scheduling Hearing and Specifying Form and Manner of Service of Notice Pursuant to Sections 1515 and 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002 and 9007*, filed contemporaneously herewith.  In light of the nature of the relief requested, the Foreign Representative requests that this Court find that no further notice is required.

## **CONCLUSION**

WHEREFORE, the Foreign Representative respectfully requests the Court to enter an order, substantially in the form attached as **Exhibit A**, (i) authorizing the joint administration of the Chapter 15 Cases, (ii) authorizing a consolidated list pursuant to Bankruptcy Rule 1007(a)(4),  and (iii) granting such other and further relief as this Court deems just and proper.

Dated: Wilmington, Delaware
May 7, 2020

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Paige N. Topper*
Eric D. Schwartz (No. 3134)
Matthew B. Harvey (No. 5186)
Paige N. Topper (No. 6470)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989
eschwartz@mnat.com
mharvey@mnat.com
ptopper@mnat.com

-and-

Peter A. Ivanick
Lynn Holbert
Alex M. Sher
**HOGAN LOVELLS US LLP**
390 Madison Ave.
New York, NY 10017
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
peter.ivanick@hoganlovells.com
lynn.holbert@hoganlovells.com
alex.sher@hoganlovells.com

*Attorneys for the Foreign Representative*